RAMÓN VALCOURT, demandante, apelante y apelado, *v.* MARCELINO DÁVILA, demandado, apelado y apelante. EL MISMO, demandante y apelante, *v.* EL MISMO, demandado y apelado.

Núms. 6979 y 6721.—*Sometidos:* Marzo 11, 1936. *Resueltos:* Julio 16, 1936.

*E. Martínez Rivera,* abogado del demandante; *G. Cruzado Silva,* abogado del demandado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Contra la sentencia dictada en este pleito apelaron ambas partes, tramitándose por separado sus recursos. Archivada la transcripción en el núm. 6979, se estipuló por las partes que dicha transcripción sirviera también para el núm. 6721. Esta corte aprobó la estipulación y los recursos se vieron en un mismo día y serán considerados en esta sola opinión.

Se trata de una acción sobre cumplimiento específico de contrato. Resueltas varias cuestiones previas suscitadas fué el pleito a juicio. En su relación del caso y opinión la corte

sentenciadora resume las alegaciones y la evidencia aportada por ambas partes y dice y resuelve entonces lo que sigue:

"La prueba es realmente contradictoria, y examinada en conjunto da la impresión de que en ningún momento hubo el concurso de voluntades (*meeting of the minds*) entre las partes contratantes. Primero, cuando el demandante creyó que estaba vendiendo el edificio de la panadería y él creía que compraba la casa donde estaba establecida la farmacia. Luego el comprador examina el edificio de la panadería y rehusa la proposición al encontrar que faltan accesorios importantes del negocio. En esto está corroborado el demandado por el propio testigo Rodena, testigo del demandante, que declaró que cuando él fué a ver la panadería no estaba allí el cilindro. También lo corrobora el testigo del demandado, Pedro Venegas, que fué empleado del demandante, quien declaró que la maquinaria de la panadería había sido prestada al demandante por Juan Barbosa, y lo corrobora también el propio Sr. Valcourt, quien declaró en *rebuttal* que había regalado a Juan Barbosa una amasadora y la artesa.

"Aparece de la prueba que el demandado no había visto el edificio de la panadería hasta que por indicación del notario fué a verlo y rehusó el negocio. Rodena vió la panadería, pero no podemos aceptar que Rodena fuese agente del demandado. El mismo Rodena confesó que no lo conocía antes de la transacción, viéndolo por primera vez cuando se inició el negocio. En estas circunstancias no es lógico presumir que el demandante de tal modo confiase sus intereses a un desconocido, y que ni siquiera se ocupase de examinar el inmueble por el cual iba a pagar $5,000. No podemos creer que Rodena fuese una parte completamente desinteresada en este negocio. Fué él quien lo inició. Fué él quien persuadió al demandado (según la prueba del demandante) a volver a las negociaciones, cuando la mala inteligencia con respecto al inmueble que iba a ser objeto del contrato. Y este testigo tan interesado en el negocio no estuvo presente, sin que sepamos la causa, cuando Dávila rehusó firmar la escritura, según dice la prueba del demandante, y fué más tarde cuando se enteró de ello el testigo Rodena, no sabiendo siquiera en la actualidad qué razón alegó el demandado para rehusar el negocio. Estas circunstancias en relación con toda la prueba nos llevan a la conclusión de que en ningún momento llegó a perfeccionarse el contrato, por no haber existido el concurso de voluntades (*meeting of the minds*), faltando, por consiguiente, el primer requisito para la

validez y existencia de todo contrato, o sea, el consentimiento de los contratantes.

"Entendemos, además, que en casos de esta naturaleza debe la prueba ser clara y robusta, de modo tal que el juzgador esté satisfecho de que no está imponiendo a una parte un contrato que no fué celebrado por ellos.

"Por las razones expuestas, procede en este caso una sentencia declarando sin lugar la demanda, sin especial condenación de costas, por no aparecer de la prueba que haya habido temeridad por parte del demandante en la prosecución de este pleito."

El demandante apela de la sentencia en cuanto declaró su demanda sin lugar y el demandado en cuanto no impuso al demandante las costas del litigio.

■ Tres errores señala en su alegato el demandante apelante que pueden reducirse a uno, a saber: error en la apreciación de la prueba. Estudiada ésta, sostiene a nuestro juicio la sentencia. No se advierte manifiesto error, ni menos pasión, prejuicio o parcialidad. El recurso debe declararse sin lugar.

■ Argumenta extensamente el demandado apelante su posición en el sentido de que debieron imponerse las costas al demandante y hemos vacilado en la resolución que debemos dictar. Sin embargo, no puede negarse que existió una verdadera controversia entre las partes y que la corte sentenciadora estaba en mejores condiciones que nosotros para apreciar la falta de temeridad del demandante. No se ha demostrado abuso de discreción y en su consecuencia también la apelación del demandado debe ser declarada sin lugar.

*Procede la confirmación de la sentencia recurrida en todas sus partes.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.